IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03344-BNB

RAUL PERMUY CALDERON,

    Plaintiff,

v.

REBECCA OAKES,
MICHAEL E. ANDERSON,
ANTHONY P. YOUNG,
TIMOTHY HAND,
MICHAEL PASKO, and
JOHN and JANE DOES 1-5,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

    Plaintiff, Raul Permuy Calderon, was a Colorado Department of Corrections (DOC) prisoner at the time he prepared his Prisoner Complaint which was filed on December 26, 2012.  On February 13, 2012, counsel entered his appearance for Plaintiff and advised the Court that Plaintiff had been released from DOC custody on December 25, 2012.  (*See* Doc. ## 9 and 10).  The Court thereafter ordered the Plaintiff to submit a non-prisoner § 1915 Motion and Affidavit and to file a [Second] Amended Complaint.  Plaintiff filed a [Second] Amended Complaint on April 18, 2013.  He filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on May 14, 2013.

    Plaintiff has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B)(iii) of § 1915 requires a court

to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

Plaintiff alleges in the [Second] Amended Complaint that he was convicted by a state district court jury of a class three felony on March 8, 2000. He was sentenced to twelve years in the DOC, plus a five-year period of mandatory parole. Plaintiff was released on parole on April 14, 2010. His parole thereafter was revoked on September 16, 2011. On January 17, 2012, Plaintiff's parole was revoked for a period of 120 days, and the revocation was extended for subsequent periods. On August 10, 2012, Plaintiff filed a motion, *pro se*, in the state district court claiming, *inter alia*, that the January 17, 2012 parole revocation was unlawful because he was not served with a copy of the complaint as required by Colorado statute. On December 17, 2012, the state district court issued an order declaring the January 17, 2012 parole revocation unlawful because of a lack of notice to the Plaintiff. (*See* Doc. # 13, Ex. 1). The DOC released Plaintiff on parole on December 25, 2012. Plaintiff asserts a claim under 42 U.S.C. § 1983 that the Defendants violated his procedural due process rights by failing to serve him with notice of the Complaint used to revoke his parole on January 17, 2012. He also brings a pendent state law claim for negligent infliction of emotional distress. Plaintiff requests monetary relief against the Defendants.

Plaintiff cannot maintain a § 1983 Fourteenth Amendment procedural due process claim against Defendants Oakes and Anderson, who are members of the Colorado Board of Parole, or against Defendant Young, who is the Chairman of the Colorado Board of Parole, because the parole board members have absolute immunity from damages liability based on their actions in revoking Plaintiff's parole. *See Russ v.*

*Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (citing *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir.1988)); *see also Boles v. Newth*, No. 11-1510, 479 F. App'x 836, 843 (10th Cir. May 8, 2012) (unpublished) (same). Accordingly, Defendants Oakes, Anderson, and Young are improper parties to this action and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Court declines to exercise pendent jurisdiction over the state law tort claims asserted against Defendants Oakes, Anderson, and Young, pursuant to 28 U.S.C. § 1367(c).

The Court will not address at this time the merits of Plaintiff's procedural due process claims against Defendants Hand, Pasko, or the John and Jane Doe Defendants. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 40.1A because the Court has completed its review pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, it is

ORDERED that Defendants Oakes, Anderson, and Young are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the § 1983 claims against those Defendants for monetary relief are barred by absolute immunity. It is

FURTHER ORDERED that the claims against Defendants Hand, Pasko, and the John and Jane Doe Defendants shall be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 40.1A.

DATED at Denver, Colorado, this 21st day of May, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court