## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Chief Judge Marcia S. Krieger

Civil Action No. 12-cv-03344-MSK-BNB

RAUL PERMUY CALDERON,

     Plaintiff,

v.

TIMOTHY HAND,

     Defendant.

---

## OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court on the Defendant Timothy Hand's Motion for Summary Judgment **(#36)**. The Plaintiff Raul Permuy Calderon, proceeding *pro se*,[1] filed an Amended Response **(#46)** to the motion.[2] The Defendant did not reply.

### I. Facts

Having reviewed the record and the parties' filings, the Court finds the following material facts to be undisputed, or construed most favorably to the non-movant, here Mr. Calderon.

---

[1] The Court is mindful of Mr. Calderon's *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other such defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] Also pending before the Court are three motions by Mr. Calderon to "Complement the Amended Response" and to "Complement the Records." **(#48, 49, 51)**. The Court grants the motions and has considered those filings in ruling on the Defendant's Motion for Summary Judgment.

On March 8, 2000, Mr. Calderon was convicted of a class three felony under state law. He was sentenced to 12 years in the Colorado Department of Corrections (DOC), plus a mandatory five-year parole period.  Mr. Calderon was released on parole on April 14, 2010.

Following a hearing on September 16, 2011, the parole board revoked Mr. Calderon's parole for a period of 180 days.  While re-incarcerated, Mr. Calderon committed a prison violation.  As a result, the parole board suspended automatic reinstitution of parole, pending another hearing.  The hearing occurred, and on January 17, 2012, the board rescinded its decision to release Mr. Calderon on parole as originally scheduled, and instead extended the period of his detention for an additional 120 days.

Mr. Calderon brings this action under 42 U.S.C. § 1983, alleging that Mr. Hand denied him procedural Due Process under the Fourteenth Amendment to the United States Constitution because as Director of the Division of Adult Parole, Mr. Hand was obligated but failed to provide Mr. Calderon with a written complaint concerning the nature of the disciplinary charge prior to the January 17, 2012 hearing.

Mr. Hand moves for summary judgment, arguing that (i) Mr. Calderon cannot establish that he was deprived of a constitutionally protected interest; (ii) Mr. Hand did not personally participate in the alleged constitutional violation; (iii) Mr. Hand is entitled to qualified immunity; (iv) Mr. Calderon's claim for compensatory damages is barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e); and (v) Mr. Calderon cannot establish that he is entitled to punitive damages.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(c)(1)(A).  Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine dispute as to a material fact, a trial is required.  If there is no genuine dispute as to any material

fact, no trial is required.  The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required.  If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### III.  Analysis

Mr. Calderon's parole was revoked in September 2011, and he does not challenge the procedure afforded him with regard to his original parole revocation.  Rather, he complains about the procedure preceding the parole board's decision in January 2012 to delay his release beyond the anticipated 180 days.  He contends that he was entitled to, but denied, written notice prior to the hearing.

Before addressing the parties' arguments, the Court pauses to focus on the Colorado law upon which Mr. Calerdon premises his right to notice. The Colorado parole statute provides that if the parole board "determines that the parolee has violated any condition of parole other than commission of a crime" it then has discretion to "[r]evoke parole for a period not to exceed one hundred eighty days." C.R.S. § 17-2-103(11)(b)(II)(B).  However, **"[t]he board may extend a period of parole revocation** imposed pursuant to [this or other similar provisions] **beyond the specified maximum if the parolee violates a condition of the parolee's placement pursuant to the notice and hearing procedures in this section**." C.R.S. § 17-2-103(11)(b)(II.5) (emphasis added).  The notice and hearing procedures referred to appear to be those set out in

4

C.R.S. § 17-2-103(6)(a)  and § 17-2-103(8).  They require that copies of parole revocation complaints be given to the parolee "a reasonable length of time before any parole board hearing." and that "[p]rior to appearance before the board, a parolee shall be advised in writing by the director of the division of adult parole concerning the nature of the charges that are alleged to justify revocation of parole and the substance of the evidence sustaining the charges . . . ."

Mr. Hand makes a number of arguments, but the resolution of his first obviates the need to address the remainder.  Mr. Hand first argues that Mr. Calderon cannot establish the lack of notice before the January 2012 hearing constituted a violation of his constitutional right to Due Process under the Fourteenth Amendment to the United States Constitution.

The Due Process Clause states, "No State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To establish a violation of the procedural due process a plaintiff must satisfy a two-step inquiry: (1) show that the plaintiff was deprived of an interest in "life, liberty, or property," and (2) show that the procedures followed by the government did not comport with "due process of law."  *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012).

With regard to the first prong, a protected interest in liberty or property may have its source in either federal or state law.  *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972).  A state-created interest is not protected by the procedural component of the Due Process Clause unless the interest is an entitlement — that is, unless the asserted right to property or liberty is mandated by state law when specified substantive predicates exist.  *See Elliott*, 675 F.3d at 1244.  In other words, the Due Process Clause protects "substantive rights, not rights to procedure."  *Id.*

In the context of parole, a state's parole statute may create a liberty interest but only if a statute's language and application significantly limits the discretion of a parole board. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1212 (10th Cir. 2009). The liberty interest in being released on parole does not qualify for due-process protection unless there are substantive predicates that mandate release. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 10 (1979).

 Mr. Calderon contends that he had a substantive right to be released on parole at the end of 180 days and that he was denied that liberty interest without adequate notice. It is true that the parole board initially revoked Mr. Calderon's parole for a period of 180 days. But during that period, Mr. Calderon committed a prison violation, which resulted in the parole board extending the terms of Mr. Calderon's parole revocation. Colorado's parole statute expressly grants the parole board the authority to extend a parole revocation period beyond its initial length if the parolee violates a condition of his confinement. C.R.S. § 17-2-103(11)(b)(II.5). Thus, based on the plain language of the statute, it was within the parole board's discretion to extend the length of Mr. Calderon's parole revocation.

The Court appreciates that Mr. Calderon expected that he would be released at the end of 180 days, but the parole board was not obligated to do so. Mr. Calderon's expectation of release is not the same as an entitlement to release. *See Jago v. Van Curen*, 454 U.S. 14, 17 (1981). Without a legitimate entitlement to release, either by a mandate by Colorado law or a limitation on the parole board's discretion to extend his parole revocation, Mr. Calderon cannot show that he had a liberty interest that was compromised.[3] In the absence of a showing of deprivation of a

---

[3] And in the absence of a deprivation of a constitutionally protected interest, lack of notice under C.R.S. §§ 17-2-103(6)(a) and -103(8) before the January 17 hearing does not give rise to a claim under 42 U.S.C. § 1983. Although the notice provisions create an expectation in a certain procedure — that is, an entitlement to notice before a parole revocation hearing—"[a]n

protected liberty interest, Mr. Hand is entitled to judgment in his favor on this basis.

Accordingly, the Court need not address the other arguments presented in Mr. Hand's Motion for Summary Judgment.

## IV.  Conclusion

For the forgoing reasons, the Defendant's Motion for Summary Judgment (**#36**) is **GRANTED**.  The Clerk shall enter judgment in the Defendant's favor on Plaintiff's claim under 42 U.S.C. § 1983 and shall close this case.  The Plaintiff's motions to "Complement the Amended Response" and to "Complement the Records" (**#48, 49, 51**) are **GRANTED**.

Dated this 8th day of September, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

---

entitlement to nothing but procedure cannot be the basis for a liberty or property interest." *Stein v. Disciplinary Bd. of Sup. Ct. of  N.M.*, 520 F.3d 1183, 1192 (10th Cir. 2008).